IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

     Plaintiff,

     v.                               CASE NO.  25-3253-JWL

(FNU) GILKERSON, et al.,

     Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Ryan Christopher Cheatham is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges First Amendment violations based on court access and retaliation.  Plaintiff alleges that his court access is being deliberately denied at EDCF.  (Doc. 1, at 2.)  He alleges that his e-filings are being tampered with or delayed.  *Id*.  Plaintiff alleges that staff refuse to provide his six-month account statements.  *Id*.  Plaintiff alleges that EDCF staff caused him to miss deadlines in Case No. 25-3218 and the case was dismissed without prejudice.  *Id*.

As Count I, Plaintiff alleges a First Amendment violation based on the denial of court access.  *Id*. at 3.  As Count II, Plaintiff alleges "retaliation violation of procedural due process and due process of law under the 14th Amendment."  *Id*.  As Count III, Plaintiff alleges "violation of equal laws protection clause."  *Id*. at 5.  In the section after each count for providing supporting

facts, Plaintiff states "see attached."

In his attachment, Plaintiff alleges that Unit Team Gilkerson had Plaintiff sign for his mail on September 11, 2025, then stated that the mail was refused based on Plaintiff's threatening and aggressive behavior. *Id*. at 4. Plaintiff alleges that although Gilkerson claimed that the mail was being returned to the sender, this was not true and Plaintiff signed for the mail on September 15, 2025. *Id*. Plaintiff alleges that Case No. 25-3218 was dismissed because Unit Team Johnson and Crawford did not e-file Plaintiff's bank statement. *Id*. Plaintiff alleges that he does not receive his mail until days after it arrives after the facility. *Id*. Plaintiff alleges that the Defendants are retaliating against him due to Plaintiff's other litigation. *Id*.

Plaintiff names as defendants: (fnu) Gilkerson, Unit Team at EDCF; (fnu) Crawford, Unit Team at EDCF; and (fnu) Johnson, Unit Team Manager at EDCF. For relief, Plaintiff alleges that he is entitled to $250,000 in punitive and compensatory damages for his complaint getting dismissed in Case No. 25-3218. *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Motion to Dismiss

Plaintiff has filed a "Motion to Dismiss Defendants Crawford and Johnson (UTM) from Complaint" (Doc. 4).  Plaintiff states in the motion that the facts have established that both defendants "have done their job and didn't interfere with Plaintiff's e-files and did provide bank statements."  (Doc. 4, at 1.)  Plaintiff also requests a conference with the Kansas Department of Corrections' attorney to possibly reach a resolution on the issue with Defendant Gilkerson.  *Id.* The Court will grant the motion to the extent that the Court will dismiss Plaintiff's claims against Defendants Crawford and Johnson.

### 2.  First Amendment Claims

#### A.  Court Access

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to

courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff alleges that there was a delay in receiving his mail and that EDCF staff failed to provide his account statements. Plaintiff's motion to dismiss now suggests that the account statements were provided. The Court notes that Plaintiff attached his inmate account statement to

his motion for leave to proceed in forma pauperis in this case. *See* Doc. 2–1.

Plaintiff also alleges that Case No. 25-3218 was dismissed without prejudice. Although the case was dismissed on November 13, 2025, the dismissal order was vacated, and the case was reopened on November 20, 2025. *See Cheatham v. Easley*, Case No. 25-3218-JWL, Docs. 5, 8 (D. Kan.). Plaintiff has failed to show that staff at the EDCF prevented him from accessing the courts or caused him actual injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). Plaintiff's court access claim is subject to dismissal. Plaintiff should show good cause why his court access claim should not be dismissed for failure to state a claim.

**B. Retaliation**

Plaintiff fails to state a claim of retaliation. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252,

1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's retaliation claim is subject to dismissal for failure to allege adequate facts in support of the claim. Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. Plaintiff should show good cause why his retaliation claim should not be dismissed for failure to state a claim.

### 3. Due Process and Equal Protection

Plaintiff provides no factual allegations to support his due process and equal protection claims. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. Plaintiff should show good cause why his due process and equal protection claims should not be dismissed for failure to state a claim.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the

reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 4) seeking to dismiss his claims against Defendants Crawford and Johnson is **granted** to the extent that the Court dismisses Plaintiff's claims against Defendants Crawford and Johnson.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 2, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated December 2, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**