IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

**Plaintiff,**

v.                                                              CASE NO.  25-3253-JWL

(FNU) GILKERSON, et al.,

**Defendants.**


## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On December 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 6) and Motion for Leave to Amend Complaint (Doc. 7). Plaintiff's allegations and the Court's screening standards are set forth in the MOSC.

As Count I, Plaintiff alleges a First Amendment violation based on the denial of court access.  (Doc. 1,  at 3.)  Plaintiff alleges that there was a delay in receiving his mail and that EDCF staff failed to provide his account statements.  Plaintiff filed a motion to dismiss his claims against Defendants Crawford and Johnson that suggested the account statements were in fact provided. (Doc. 4.)  The Court noted in the MOSC that Plaintiff attached his inmate account statement to his motion for leave to proceed in forma pauperis in this case.  *See* Doc. 2–1.

Plaintiff alleges that EDCF staff caused him to miss deadlines in Case No. 25-3218 and that the case was dismissed without prejudice.  *Id*. at 2.  The Court noted in the MOSC that although

the case was dismissed on November 13, 2025, the dismissal order was vacated, and the case was reopened on November 20, 2025. *See Cheatham v. Easley*, Case No. 25-3218-JWL, Docs. 5, 8 (D. Kan.).

The Court found in the MOSC that Plaintiff failed to show that staff at EDCF prevented him from accessing the courts or caused him actual injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). The Court ordered Plaintiff to show good cause why his court access claim should not be dismissed for failure to state a claim.

As Count II, Plaintiff alleges "retaliation violation of procedural due process and due process of law under the 14th Amendment." (Doc. 1, at 2.) As Count III, Plaintiff alleges "violation of equal laws protection clause." *Id*. at 5. The Court found in the MOSC that Plaintiff's retaliation claim was subject to dismissal for failure to allege adequate facts in support of the claim. Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. The Court ordered Plaintiff to show good cause why his retaliation claim should not be dismissed for failure to state a claim.

The Court found in the MOSC that Plaintiff provides no factual allegations to support his due process and equal protection claims. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Court ordered Plaintiff to show good cause why his due process and equal protection claims should not be dismissed for failure to state a claim.

Plaintiff has filed a response (Doc. 6) claiming that his legal mail was tampered with by Defendant Gilkerson, and that he has no library access to obtain case law to support his claims. (Doc. 6, at 1.) Plaintiff also states that he wishes to request an attorney. *Id*. at 2. Plaintiff then takes issue with this Court not accepting filings for other courts so that he may electronically file them with this Court and then have this Court forward them to other courts. *Id*. Plaintiff alleges that making him mail the filings in other cases causes prolonged litigation. *Id*. This Court does not accept electronic filings for forwarding to other courts.

Plaintiff has also filed a Motion for Leave to Amend Complaint (Doc. 7). Plaintiff attaches his proposed amended complaint. (Doc. 7–1.) Plaintiff's proposed amended complaint continues to allege a court access claim, retaliation, and an equal protection claim. Plaintiff seeks damages based on the dismissal of his complaint in Case No. 25-3218. He also claims that Case No. 25-3091 "would of [sic] been dismissed without curing deficiencies." *Id*. at 3.

Nothing in Plaintiff's response or proposed amended complaint cures the deficiencies noted in the MOSC or shows good cause why his claims should not be dismissed for failure to state a claim. Plaintiff has failed to show an injury for his court access claim. Plaintiff's Case No. 25-3218-JWL is currently pending before the Court. Although he argues that the Court's forms were returned in Case No. 25-3091 and that the case "would have been dismissed," that case is likewise open and pending.

Plaintiff points out that the Court's Memorandum and Order and forms were returned in Case No. 25-3091. *See Cheatham v. Howes*, Case No. 25-3091-JWl (D. Kan.). Plaintiff filed Case No. 25-3091 on May 12, 2025, and listed his address as the Larned Correctional Facility in Larned, Kansas. *See id*. at Doc. 1. The Court's September 2, 2025 Memorandum and Order and forms in that case were mailed to Plaintiff at the Larned Correctional Facility. *See id*. at Doc. 23. The following day—September 3, 2025—the Court received Plaintiff's Notice of Change of Address indicating that he was now housed at EDCF. *See id*. at Doc. 24. On September 22, 2025, the Court received the return mail for the Memorandum and Order at Doc. 23, which states "return to sender, insufficient address, unable to forward." *Id*. at Doc. 31. The envelope for the return mail indicates that it contains Doc. 23. *Id* In light of the return mail and Plaintiff's change of address, the Court remailed the documents to Plaintiff at EDCF on September 22, 2025—the same day the original mail was returned.

Plaintiff has failed to show an injury in Case No. 25-3218 or Case No. 25-3091. Both cases remain pending before the Court. Plaintiff has also failed to cure the deficiencies noted for his retaliation and equal protection claims. Plaintiff's motion for leave to amend is denied as futile. Plaintiff has failed to show good cause why his claims should not be dismissed for failure to state a claim. Any request for the appointment of counsel is likewise denied in light of the dismissal of this case for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 7) is **denied** as futile.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel in Doc. 6 is **denied.**

**IT IS SO ORDERED**.

**Dated January 6, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**